E-FILED
Friday, 18 November, 2016  03:22:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER L DONAHUE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-1319 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# ORDER AND OPINION

This matter is now before the Court on Petitioner Donahue's § 2255 Motion [1] to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner Donahue's Motion [1] is Dismissed without prejudice.

### BACKGROUND

Petitioner Donahue pleaded guilty to one count of Conspiracy to Receive Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). On January 5, 2012, the undersigned judge sentenced Donahue to 97 months' imprisonment. *United States v. Brewer et al*, No. 11-10036-2 (C.D. Ill. 2012). She did not appeal. On August 26, 2016, Donahue filed this motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Her motion relies on the Sentencing Commission's November 2015 "Amendment 794" to the sentencing commentary under U.S.S.G. § 3B1.1—which provides for a reduced offense level for defendants who were minimal or minor participants in the criminal activity—and the Ninth Circuit's decision in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). This Order follows.

## LEGAL STANDARD

In order to prevail on a motion under § 2255, a federal prisoner must show that their sentence was imposed in violation of the Constitution or laws of the United States, that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C § 2255; *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). The Court "may not dismiss a § 2255 motion without an evidentiary hearing unless the record conclusively shows that the defendant is entitled to no relief." *Id*. at 820 (quoting *McCleese v. United States*, 75 F.3d 1174, 1182 (7th Cir. 1994)).

## ANALYSIS

Donahue's motion argues that Amendment 794 and the Ninth Circuit's holding in *Quintero-Leyva* represent a new rule of law made retroactive by the Sentencing Commission, and that under the amended § 3B1.1 commentary she would receive a role reduction. See ECF Doc. 1, at 4. The Ninth Circuit held in *Quintero-Leyva* that the amended commentary to § 3B1.2 was retroactive to cases on direct appeal. 823 F.3d at 523; *Young v. United States*, No. 16-3139 (C.D. Ill. 2016). However, the court limited the holding to cases pending on direct appeal, and specifically declined to address whether the amendment was available to defendants who had exhausted their direct appeal. *Id*. at 521. Here, assuming the Seventh Circuit agrees with the Ninth Circuit that Amendment 794 applies retroactively to cases pending on direct appeal, Donahue would still not be entitled to relief under § 2255 because she did not appeal and Amendment 794 has not been held retroactive for collateral review.

Although Donahue is not entitled to relief under § 2255, 18 U.S.C. § 3582(c)(2) allows a court to modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission . . . ." *Id*. Thus, motions seeking a sentence reduction based on subsequent changes to the Guidelines should be filed as a § 3582 motion in the criminal case. *Young v. United States*, No. 16-3139, at *2 (C.D. Ill. 2016) ("[T]he proper avenue for a defendant seeking a sentence reduction based on an amendment to the Sentencing Guidelines is to file a motion under 18 U.S.C. § 3582(c)(2)."). Because § 2255 is not the proper vehicle for reducing a sentence based on a subsequent change to the Guidelines, Donahue's motion must be dismissed. If, or when, Amendment 794 becomes available retroactively to defendants who have exhausted their direct appeal, Donahue should file a § 3582 motion in her criminal case.

## CONCLUSION

For the reasons stated above, Petitioner Donahue's Motion [1] is Dismissed without prejudice.

This matter is now terminated.

Signed on this 18th day of November, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge